167 N.J. Super. 290 (1979)
400 A.2d 840
STATE OF NEW JERSEY IN THE INTEREST OF K.P., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1979.
Decided April 3, 1979.
*292 Before Judges PRESSLER and KING.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William P. Doherty, Jr., Prosecutor, Cumberland County, attorney for the State (Mr. Daniel C. Hoffman, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Three separate complaints, consolidated for hearing, were filed against K.P., a juvenile. The first charged him with a violation of a municipal curfew ordinance, the second with being under the influence of an alcoholic beverage in violation of N.J.S.A. 2A:170-54.1, and the third with petty larceny. At the commencement of the hearing he admitted the allegations of the first two charges and was tried on the third. He was found guilty and adjudicated a delinquent on the basis thereof. By way of disposition he was committed to concurrent indeterminate *293 terms at the Jamesburg School for Boys subject to a six-month maximum on the drinking and larceny charges.[1] On the curfew charge he was placed on one-year suspended probation. He appeals, claiming reversible error in the larceny adjudication as a result of the prosecutor having cross-examined him in respect of his prior juvenile history. He also contends that the custodial disposition was manifestly excessive and, in respect of the drinking charge, illegal.
We agree that the larceny adjudication must be reversed. During cross-examination, the following interrogation took place:
Q Now, have you ever been convicted of a juvenile crime before?
A Been convicted? What is convicted?
Q Found guilty.
A Yes.
Q Will you please tell the Court what crimes you have been found guilty of in Juvenile Court?
A I find guilty for bikes.
Q Larceny of a bicycle?
A No.
Q What?
A On bikes. I accepted them. They was stolen.
Q Oh, possession of a stolen bike. Anything else?
A I took a harmonica out of a store.
Q You were found guilty of shoplifting?
A Yes.
The prosecutor's inquiry into K.P.'s juvenile record was patently improper. This questioning would have been improper even if K.P. had been an adult defendant. Obviously, the information was not admissible as "other crimes" evidence since it met none of the special conditions of Evid. R. 55. Nor would it have been admissible to impeach the credibility of an adult defendant since N.J.S.A. 2A:81-12 limits such use of prior law enforcement involvement to convictions *294 of crime. Juvenile offenses are not crimes and proof of a delinquency adjudication, even one attended by legal representation and even one which would have constituted an indictable offense if committed by an adult, is not admissible for purposes of impeachment of defendant himself. State v. De Paola, 5 N.J. 1, 18 (1950); N.J.S.A. 2A:4-64. We are, moreover, satisfied that the prosecutor's inquiry constituted a direct violation of the express provision and policy of R. 5:3-6, which prohibits consideration by the juvenile court of the juvenile's background and record prior to adjudication. See State in Interest of A.H., 115 N.J. Super. 268 (App. Div. 1971).
No objection was made below to this portion of the cross-examination and the State urges us to regard it as harmless error. We are constrained, however, to reject that contention. There is probably little else, if anything, as prejudicial to a defendant, whether an adult or a juvenile charged with delinquency, as proof of prior anti-social activity. See, generally, State v. Sands, 76 N.J. 127 (1978). That consideration, coupled with the patent violation of the juvenile court policy and procedures inherent in the offensive questioning, persuades us that its capacity for harmfulness meets the plain error standard and that a reversal of the adjudication is in the best interests of protecting the integrity of the juvenile justice process.
We are also satisfied that the custodial commitment imposed for the alcohol violation was illegal. A primary innovation of the extensive 1973 revision of the law pertaining to juvenile offenses, N.J.S.A. 2A:4-42 to 68, inclusive, was the discrete classification of offenders as either delinquents or as juveniles in need of supervision (JINS). See N.J.S.A. 2A:4-44 and 45, respectively. One of the consequences of a JINS classification is the dispositional restraint precluding institutional commitment except to facilities for the care of the mentally ill, mental retardates or drug addicts. N.J.S.A. 2A:4-62; R. 5:9-9. A JINS classification is, moreover, mandated where the offense with which the juvenile *295 is charged is the violation of a statute applicable only to juveniles. N.J.S.A. 2A:4-45(d). The alcohol offense here is clearly within that category, N.J.S.A. 2A:170-54.1 referring only to minors who possess or consume alcoholic beverages in a public place or a motor vehicle.[2] Accordingly, a custodial commitment was not a dispositional option here.
Finally, although not raised by either party, we are constrained to vacate the suspended probation imposed on the curfew violation. The essence of a probationary disposition is to provide a form of noncustodial suspension over the juvenile to assist him in his rehabilitative progress. It may, of course, be that in particular circumstances supervision of particular conditions of probationary supervision may be appropriate. But to suspend probation altogether and thus to impose no supervision at all upon the juvenile is without point. Apparently, the court below concluded that probation was unnecessary as a sequel to the custodial commitment on the other charges. In that case, the appropriate disposition would have been one of suspended disposition as authorized by R. 5:9-9(b)(2)(A).
The adjudication of delinquency on the larceny charge is reversed. The adjudication on the drinking charge is modified to reflect a JINS rather than a delinquency adjudication and the disposition thereon imposed is vacated. The disposition imposed on the curfew charge is vacated.
NOTES
[1] The disposition was not stayed pending appeal and K.P. in the interim completed service of the commitment term and has been released.
[2] While the statute refers to persons under the age of 21, it should be construed as applying only to persons under the age of 18 by virtue of N.J.S.A. 9:17B-1 to 3, inclusive, subsequently enacted. Note, further, that the statute authorizes a penalty of up to 30 days in jail. That provision should be regarded as impliedly repealed by N.J.S.A. 2A:4-42 to 68.